UNITED STATES FEDERAL COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON HOLLIS,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Case No. 4:21-cv-535 |
| **J4 DEVELOPMENT, INC.,** | § § § | |
| **Defendant.** | § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Jason Hollis ("Hollis") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, he respectfully shows as follows:

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant has violated the FLSA by failing to pay Hollis in accordance with the guarantees and protections of the FLSA. Defendant has failed and refused to pay Hollis at time-and-one-half his

regular rate of pay for all hours worked in excess of forty hours within a workweek, although it had full knowledge that Hollis consistently worked over forty hours per week.

## II. PARTIES

3. Jason Hollis is an individual who resides within this judicial district. He was employed by Defendant within the meaning of the FLSA from August 1, 2020 through April 2021.

4. J4 Development, Inc. ("J4 Development") is a domestic corporation that is currently authorized to do business in Texas, and that is doing business in Texas. Its principal office is located in Richardson, Texas. Its registered agent for service of process is Jeffrey C. Ausbrook, and he may be served at 1700 Jay Ell Drive, Suite 100, Richardson, Texas 75081.

5. J4 Development was an employer of Hollis as defined by 29 U.S.C. §203(d).

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

7. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Collin County, Texas, which is in this District and Division. Hollis was an employee of Defendant, and performed work for Defendant in and around this district and division. Defendant is subject to this Court's personal jurisdiction with respect to

this civil action.  Defendant thus resides in this district and division.  28 U.S.C. §1391(c).  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

8. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Hollis.

9. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Hollis was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

13. Defendant J4 Development is a commercial construction company located in Richardson, Texas.

14. Hollis worked for Defendant from August 1, 2020 through April 2021 as a construction manager. Hollis was not paid overtime premiums when he worked more than forty hours in a workweek.

15. For all times relevant to this action, Hollis's primary job duty was not the performance of work directly related to Defendant' management or general business operations, or those of its customers.

16. For all times relevant to this action, Hollis's primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

17. At no point in time did Hollis customarily or regularly direct the work of two or more full time employees or their equivalent.

18. Hollis routinely worked long hours.  He would consistently work more than forty hours per week, and in a typical workweek he would work between 60 and 65 hours. Defendant was aware of the exact amount of hours Hollis worked, as Hollis often complained about the excessive number of hours he worked.

19. Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay overtime compensation to Hollis.

## VI. CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

20. Hollis incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

21. During the relevant period, Defendant has violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer

than 40 hours without compensating Hollis for his work in excess of forty hours per week at rates no less than one-and-one-half times his regular rates for which he was employed. Defendant has acted willfully in failing to pay Hollis in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Hollis prays for judgment against Defendant J4 Development, Inc. as follows:

a.  For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Hollis and for liquidated damages equal in amount to the unpaid compensation found due to Hollis;

b.  For an Order awarding Hollis the taxable costs and allowable expenses of this action;

c.  For an Order awarding Hollis attorneys' fees;

d.  For an Order awarding Hollis pre-judgment and post-judgment interest at the highest rates allowed by law;

e.  For an Order awarding Hollis declaratory and injunctive relief as necessary to prevent the Defendant' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

f.  For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND VERRETT, P.C.**
700 West Summit Dr.
Wimberley, Texas 78676
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Douglas B. Welmaker*
     Douglas B. Welmaker
     Texas State Bar No. 00788641
     doug@morelandlaw.com


**ATTORNEY FOR PLAINTIFF**